UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL EMERY,

           Plaintiff,

  v.

ALLEN KORY, et. al.,

           Defendants.
_____/

19-cv-11419
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL RIGHTS COMPLAINT AND ORDERING THE SERVICE OF THE COMPLAINT ON THE REMAINING DEFENDANTS BY THE U.S. MARSHALS SERVICE

### I. Introduction

The Court has before it Plaintiff Neil Emery's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate currently confined at the Michigan Reformatory in Ionia, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART. The Court further ORDERS that the complaint be served by the United States Marshals Service upon defendants Allen Kory, Ogemaw County Sting Team, and Roscommon County.**

## II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that he signed a confidential agreement with the defendant Ogemaw County Sting Team to work as a confidential informant. Plaintiff alleges that defendant Allen Kory, a Michigan State Police officer who worked with the Sting Team, revealed plaintiff's identity as a confidential informant by naming him as one in ten different police reports. Plaintiff claims that once his identity as an informant became known, his life was placed in danger. Plaintiff claims that he was assaulted by an individual on February 26, 2018 after this person discovered that plaintiff was an informant. Plaintiff alleges that he has also been assaulted two times in the

Roscommon County Jail after inmates discovered that plaintiff was a confidential informant. Plaintiff seeks monetary damages.

## IV. Discussion

**A. The State of Michigan is dismissed as a defendant.**

Plaintiff's complaint must be dismissed against the State of Michigan, because a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Plaintiff's claim against the State of Michigan is also barred by the Eleventh Amendment to the U.S. Constitution. *Scott v. Michigan,* 173 F. Supp. 2d 708, 710 (E.D. Mich. 2001).

**B. The suit is dismissed against Governor Gretchen Whitmer and Attorney General Dana Nessel.**

Plaintiff has named Governor Gretchen Whitmer and Attorney General Dana Nessel[1] as defendants although his original and amended complaints contain no allegations against either defendant.

A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978)(Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v.*

---

[1] Plaintiff spells the Attorney General's name as Nestle, but this Court takes judicial notice of the correct spelling of the Attorney General's name.

*Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995)(plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Defendant Governor Whitmer is not subject to suit under § 1983, because plaintiff has failed to allege that she knew of, or took part in, the alleged deprivation of his constitutional rights. *See e.g. Foster v. Michigan,* 573 F. App'x 377, 392 (6th Cir. 2014)(plaintiff could not sustain claim against Governor Snyder of Michigan on a *respondeat superior* theory); *Bowen v. Taft,* 62 F. App'x. 117, 118 (6th Cir. 2003)(district court did not err in summarily dismissing prisoner lawsuit against Governor of the State of Ohio, on the ground that the governor could not be liable under a *respondeat superior* theory). Attorney General Nessel, likewise, cannot be held liable for any civil rights violations absent any personal involvement on her part. *See Moniz v. Cox*, 512 F. App'x 495, 499 (6th Cir. 2013).

**C. The City of Lansing is dismissed as a defendant.**

Plaintiff named the City of Lansing as a defendant but his original and amended complaints contain no allegations against the city.

"A city or county and its leaders may not be held liable when there has been no constitutional violation by one of the city or county's employees."

*Hoard v. Sizemore* 198 F. 3d 205, 221 (6th Cir. 1999)(citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))(additional citation omitted). Plaintiff does not allege that Defendant Kory worked for the City of Lansing; the City is dismissed as a defendant.

**D. Plaintiff states a claim against the remaining defendants.**

Plaintiff's claim against the remaining defendants states a potential claim for relief. Plaintiff alleges that Defendant Kory, Defendant Ogemaw County Sting Team, and Roscommon County, either intentionally revealed that he was a confidential informant, failed to take steps to assure that plaintiff's confidential informant status remained secret, and/or failed to protect him from harm. Plaintiff claims he has been assaulted several times as a result of this disclosure and that his life is in danger.

A police officer or other law enforcement officer can be held liable under Section 1983 for disclosing the identity of a confidential informant because such deliberate indifference can increase that informant's risk of exposure to private acts of violence, which in turn can deprive an informant of his or her "clearly established Due Process right to personal security and bodily integrity." *Nelson v. City of Madison Heights*, 845 F.3d 695, 703 (6th Cir. 2017). Defendant Kory's alleged act of disclosing plaintiff's identity as a confidential informant, if true, states a claim for relief. Defendant Ogemaw

County Sting Team is also arguably liable for failing to adequately train or supervise Defendant Kory in his duties.

Defendant Roscommon County is also potentially liable for failing to take steps to protect plaintiff while he was incarcerated at their jail.

A county can be held liable, pursuant to 42 U.S.C.A. § 1983, for acts of the county sheriff or other jail personnel regarding unconstitutional conditions inside of a county jail. "It is equally well established that a Michigan county is liable for the wrongful actions of the county sheriff." *See Tompkins v. Frost*, 655 F. Supp. 468, 470 (E.D. Mich. 1987); *See also. Carroll v. Wilkerson*, 782 F. 2d 44 (6th Cir. 1986)(A county can be held liable, pursuant to 42 U.S.C.A. § 1983, for acts of the county sheriff or other jail personnel in allegedly failing to protect an inmate from being assaulted by other inmates while he was incarcerated at the county jail). Plaintiff states a claim against Roscommon County.

Where a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshals Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore*, 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). The

Court will order the United States Marshals Office to direct service towards Defendants Allen Kory, Ogemaw County Sting Team, and Roscommon County.

## V.  ORDER

**IT IS ORDERED THAT:**

(1) The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANTS STATE OF MICHIGAN, GOVERNOR GRETCHEN WHITMER, ATTORNEY GENERAL DANA NESSEL, AND THE CITY OF LANSING FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

(2) **IT IS FURTHER ORDERED** that defendant's complaint be served upon the remaining named defendants, Officer Allen Kory, Ogemaw County Sting Team, and Roscommon County, by the United States Marshals Service, without prepayment of fees.

Dated:  July 15, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 15, 2019, by electronic and/or ordinary mail and also on Neil Emery #443938, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk